ACCEPTED
12-14-00015-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/11/2015 1:26:12 PM
CATHY LUSK
CLERK

No. 12-14-00015-CV

In the

Twelfth Court of Appeals

Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/11/2015 1:26:12 PM
CATHY S. LUSK
Clerk

**In re Max B. Hanson, Relator**

---

**Motion to Enforce Decision**

---

Max Hanson finds himself exactly where he was over two years ago, after negotiating a Mediated Settlement Agreement with all parties' signatures. As established in the mandamus record, from January through September of 2013 Max argued for entry of judgment on the signed MSA. But this was denied. So Max sought mandamus relief from this Court, which found the MSA enforceable and directed the trial court to, by March 9, (1) set aside his order vacating the MSA—which was done, in an order dated March 4, but that we received on March 9—and (2) enter a divorce decree enforcing the MSA. There is as yet no such decree, only an order promising to enter a decree at some unstated future time. *See **Attachment 1**.*

Seeking to facilitate the trial court's compliance, Max on March 3 provided that court a Motion to Enter Judgment on the MSA and an attached proposed judgment. *Attachment 2.* Opposing counsel asked Max's trial counsel, Jerry Bain, to modify pages 11-13 of the proposed judgment because it ordered the parties to do things under Canadian law and in accordance with the Internal Revenue Code. Those pages promptly were modified and submitted to the trial court on March 5, by email and hand delivery, in ample time for judgment to have been entered within this Court's time frame. *Attachment 3.* But no decree has been signed. Rather, the trial court has entered the above-referenced order, calling for proposed judgments "within 14 days" and promising to enter one in the future. This should be unacceptable. Opposing counsel, who has voiced no objections to the revised proposed decree, has told the trial court he will submit an alternative decree, "probably" by March 17. *Attachment 4.* This, too should be unacceptable.

Since the mediation, Max patiently has paid all the sums due under the MSA's terms. Marie for over two years has held monies that under the MSA should be Max's. She has not filed the taxes as the MSA required. Max is now required to file his own taxes, which he needs to do before April 15. This Court was clear that a decree should be signed by now. Yet if the trial court is merely requesting that *proposed* decrees be provided in 14 days, and if any disputes arise respecting them, a decree may not result for months.

## Conclusion and Prayer

Max Hanson asks the Court to enforce its decision, by appropriate means, including ordering the trial court sign the proposed-and-vetted judgment without further delay.

Respectfully submitted,

_/s/ Greg Smith_

GREG SMITH
Bar No. 18600600
NOLAN SMITH
Bar No. 24075632
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX  75702
Telephone:  (903) 597-3301
Facsimile:    (903) 597-2413
gsmith@rameyflock.com
nolan@rameyflock.com

Jerry Bain
Bar No. 01548000
BAIN, FILES, JARRETT,
   BAIN & HARRISON, PC
109 West Ferguson
Tyler, TX  75702
Telephone:  (903) 595-3573
Facsimile:    (903) 597-7322
jbain@bain-files.com

ATTORNEYS FOR RELATOR
MAX B. HANSON

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the following in accordance with the applicable Rules of Civil Procedure on this the 11th day of March, 2015.

**Via email – jacassels@consolidated.net**
Jimmy A. Cassels
Cassels & Reynolds, L.L.P.
117 E. Lufkin Ave.
Lufkin, TX  75901

Hon. Robert K. Inselmann, Jr.
217th District Court
P. O. Box 908
Lufkin, TX 75902-0908

_/s/ Greg Smith_
GREG SMITH

COPY

DV-00731-12-01

FILED

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE 257TH DISTRICT |
| THE MARRIAGE OF | § | |
| | § | |
| MARIE-CLAUDE L. HANSON | § | |
| AND | § | COURT OF ANGELINA TEXAS |
| MAX B. HANSON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| TELL ARBOUR HANSON, A CHILD | § | COUNTY, TEXAS |

## ORDER OF THE COURT

On the 13th day of November, 2013 this Court heard and granted the Motion of Marie-Claude L. Hanson requesting that the Mediated Settlement Agreement between the parties be set aside based on fraud.

The Court finds that a Mandamus action filed by Max B. Hanson has now been considered and conditionally granted by the Twelfth Court of Appeals in Tyler, Texas.

Therefore, this Court on its own Motion and at the direction of the Court of Appeals hereby set aside its previous ruling dated November 13, 2013 and renders judgment on the Mediated Settlement Agreement which shall be memorialized by a decree of divorce to be submitted to the Court by counsel within 14 days of this Order.

Executed this _____4_____ day of _____March_____, 2015.

_____
JUDGE PRESIDING

Blumberg No. 5117

1

| | | |
|---|---|---|
| IN THE MATTER OF | § | COUNTY COURT AT LAW |
| THE MARRIAGE OF | § | |
| | § | |
| MARIE-CLAUDE L. HANSON | § | |
| AND | § | NUMBER ONE |
| MAX B. HANSON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| TELL ARBOUR HANSON, | § | |
| A CHILD | § | ANGELINA COUNTY, TEXAS |

### *MOTION TO ENTER JUDGMENT BASED ON*
### *OPINION FROM THE TWELFTH COURT OF APPEALS*

NOW COMES MAX B. HANSON, Respondent, and respectfully submits to the Court the attached *Final Decree of Divorce*, which he asserts complies with the *Mediated Settlement Agreement* and the mandate from the Twelfth Court of Appeals delivered February 27, 2015.

<div style="margin-left:40%">

Bain, Files, Jarrett, Bain & Harrison, PC
109 W. Ferguson
Tyler, TX 75702
Tel: (903) 595-3573
Fax: (903) 597-7322


By: _____
JERRY BAIN
State Bar No. 01548000
Attorney for MAX B. HANSON

</div>



## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above was served via e-mail on Jimmy A. Cassels, 117 E. Lufkin Ave., Lufkin, Texas 75901, and Greg Smith, Ramey & Flock, P.C., 100 E. Ferguson, Ste. 500, Tyler, Texas 75702, on March _3_, 2015, in accordance with the Texas Rules of Civil Procedure.

_____
JERRY BAIN
Attorney for MAX B. HANSON

| IN THE MATTER OF | § | COUNTY COURT AT LAW |
|---|---|---|
| THE MARRIAGE OF | § | |
| | § | |
| MARIE-CLAUDE L. HANSON | § | |
| AND | § | NUMBER ONE |
| MAX B. HANSON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| TELL ARBOUR HANSON, | § | |
| A CHILD | § | ANGELINA COUNTY, TEXAS |

## *FINAL DECREE OF DIVORCE*

On September 23, 2013, the Court heard this case on Motion to Enter Judgment on Mediated Settlement Agreement and Objection to Entry of Judgment.

*Appearances*

Petitioner, MARIE-CLAUDE L. HANSON, appeared in person with her attorney of record, JIMMY A. CASSELS and announced ready.

Respondent, MAX B. HANSON, appeared in person with his attorney of record, JERRY BAIN, and announced ready.

*Record*

The record of testimony was duly reported by the court reporter for County Court at Law Number One.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving

evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury fee, though paid by Respondent, has now been waived by both parties and their attorneys, and questions of fact and of law were successfully mediated and approved by the Court.

*Agreement of Parties*

The agreements in this *Final Decree of Divorce* were reached in mediation with Bobby L. Freeman, Mediator. This *Final Decree of Divorce* represents a merger of a *Mediated Settlement Agreement* between the parties. To the extent there exist any differences between the *Mediated Settlement Agreement* and this *Final Decree of Divorce*, this *Final Decree of Divorce* shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that MARIE-CLAUDE L. HANSON, Petitioner, and MAX B. HANSON, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following child:

Name:        TELL ARBOUR HANSON
Sex:          Male
Birth date:   June 30, 1993
Home state: Texas

The Court further finds that this child was underage or had not graduated from high school at the time of filing, but has since been emancipated and is no longer before the Court; accordingly, there are no provisions made herein with regard to the child, TELL ARBOUR HANSON.

*Division of Marital Estate*

The Court finds that the division of the community estate as set forth herein is a just and right division of the parties' marital estate having due regard for the rights of each party as agreed to by the parties at mediation.

Property to Husband

IT IS ORDERED AND DECREED that the husband, MAX B. HANSON, is awarded as his sole and separate property and the wife is divested of all right, title, interest, and claim in and to all of the property set forth and itemized as follows:

H-1.  The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security system access and code, garage door opener, warranties and service contracts, and title and closing documents:

Approximately 160 acres of land located at SE 22 57 22 W. 4th, Sturgeon County, Alberta, Canada; subject to the agreement set forth under *Transfer and Delivery of Property* outlined herein.

H-2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control, including but not limited to all household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment located at the Alberta, Canada, property awarded herein to husband, except as otherwise provided herein.

H-3. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-4. All sums of cash in the possession of husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control, except as otherwise provided herein, including but not limited to the following:

    a.    Commercial Bank of Texas Acct No. xxx-5775; and

    b.    Bank of Nova Scotia Acct No. xxx-1510.

H-5. The following stocks, bonds, and securities, together with all shares, partnership interests, dividends, splits, and other rights and privileges in "The Cow Horse Sale, Ltd.".

H-6. The 2004 Jeep Liberty motor vehicle, vehicle identification number

_____, together with all prepaid insurance, keys, and title documents.

H-7. The 1997 Freightliner FL60 motor vehicle, vehicle identification number

_____, together with all prepaid insurance, keys, and title documents.

H-8. The business known as "The Cow Horse Sale, Ltd.", including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising from or in connection with the operation of the business.

H-9. The items of personal property specifically awarded herein to husband outlined in the *Mediated Settlement Agreement*, which is attached hereto as Exhibit "A" and made a part hereof.

H-10. Husband's claims for personal injuries and damages in connection with Cause No. 1203 19049, *Max Hanson, Clifford Stover, and Pamela Stover v. Grisby Holton Ingram*, In the District Court of Robertson County, Texas, in which husband is represented by George Chandler.

Property to Wife

IT IS ORDERED AND DECREED that the wife, MARIE-CLAUDE L. HANSON, is awarded as her sole and separate property and the husband is divested of all right, title, interest, and claim in and to all of the property set forth and itemized as follows:

W-1. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security system access and code, garage door opener, warranties and service contracts, and title and closing documents:

Approximately 25 acres located at 14060 W. Hwy 103, Pollok, Angelina County, Texas.

W-2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control, including but not limited to all household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment located at the Pollok, Texas, property awarded herein to wife, except as otherwise provided herein.

W-3. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-4. All sums of cash in the possession of wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control, except as otherwise provided herein, including but not limited to the following:

a. Commercial Bank of Texas Acct No. xxx-_____ (wife's acct); and

b. Commercial Bank of Texas Acct No. xxx-_____ (wife's acct).

W-5. The 1998 Dodge Pickup motor vehicle, vehicle identification number _____, together with all prepaid insurance, keys, and title documents.

W-6. The 1997 Dodge Pickup motor vehicle, vehicle identification number

_____, together with all prepaid insurance, keys, and title documents.

W-7. All right, title, and interest in "Rising Sun Ranch", including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising from or in connection with the operation of the business.

W-8. The total sum of $62,500 payable by husband to wife (receipt acknowledged by Wife) as owelty to equalize the division of assets between the parties and, subject to the income tax exception outlined herein:

The Court finds that in accordance with the *Mediated Settlement Agreement*, MAX B. HANSON has paid to MARIE-CLAUDE L. HANSON the following payments and MARIE-CLAUDE L. HANSON has acknowledged receipt for said payments:

$10,000 on December 13, 2012;
$10,000 on January 31, 2013;
$10,000 on February 28, 2013;
$10,000 on March 31, 2013;
$10,000 on April 30, 2013; and
$12,500 on May 31, 2013.

Of this $62,500, the sum of $32,500, which is held in JIMMY CASSELS' trust account is ORDERED to be paid today to MAX B. HANSON to be applied on the taxes, penalties and interest owed by the parties. MARIE-CLAUDE L. HANSON is credited with this sum for the one-half of the tax liabilities she is ordered to pay. If the taxes, penalties and interest owed are less than $32,500, MAX B. HANSON is ORDERED to refund that back to MARIE-CLAUDE L. HANSON.

W-9. The following horses:

"Pretty Filly" and "Guns n Ceedees"

W-10. The items of personal property specifically awarded herein to wife outlined in the Mediated Settlement Agreement, which is attached hereto as Exhibit "A" and made a part hereof.

W-11. The firearms in possession of wife.

## Division of Debt

## Debts to Husband

IT IS ORDERED AND DECREED that the husband, MAX B. HANSON, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, all of the debts, mortgages, encumbrances and/or obligations set forth and itemized as follows:

H-1. The balance due, including principal, interest, tax, and insurance escrow, and all other charges on the promissory note payable to Bank of Nova Scotia and secured by a deed of trust on the real property located in Sturgeon County, Alberta, Canada.

H-2. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this agreement, unless express provision is made to the contrary in this agreement.

H-3. The following debts, charges, liabilities, and other obligations:

 a. Scotia Visa Gold Acct No. xxx-7052;

 b. Scotia Visa Acct No. xxx-1400 Line of Credit;

c.    MBNA Acct No. xxx-6262;

d.    Scotia Bank Acct No. xxx-0020;

e.    Scotia Bank Acct No. xxx-7011;

f.    Commercial Bank of Texas Acct No. xxx-0181; and

g.    Any credit card debt due and owing on which the husband has the right

to incur indebtedness.

H-4.    Any and all indebtedness owed to his mother, Maxine Hanson, and/or his son,

Will Hanson.

H-5.    The total sum of $62,500 payable by husband to wife (receipt acknowledged by

Wife) as owelty to equalize the division of assets between the parties and, subject to the

income tax exception outlined herein:

The Court finds that in accordance with the *Mediated Settlement Agreement*, MAX B.

HANSON has paid to MARIE-CLAUDE L. HANSON the following payments and MARIE-

CLAUDE L. HANSON has acknowledged receipt for said payments:

$10,000 on December 13, 2012;
$10,000 on January 31, 2013;
$10,000 on February 28, 2013;
$10,000 on March 31, 2013;
$10,000 on April 30, 2013; and
$12,500 on May 31, 2013.

Of this $62,500, the sum of $32,500, which is held in JIMMY CASSELS' trust
account is ORDERED to be today to MAX B. HANSON to be applied on the taxes,
penalties and interest owed by the parties. MARIE-CLAUDE L. HANSON is
credited with this sum for the one-half of the tax liabilities she is ordered to pay. If
the taxes, penalties and interest owed are less than $32,500, MAX B. HANSON is
ORDERED to refund that back to MARIE-CLAUDE L. HANSON.

H-6. The first $5,000 and one-half of the remaining income taxes, penalties and interest due to the Internal Revenue Service (U. S.) and the Canadian taxing authority for the calendar years 2011 and 2012, due and owing by either of the parties or their awarded entities for those two calendar years.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, MARIE-CLAUDE L. HANSON, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, all of the debts, mortgages, encumbrances and/or obligations set forth and itemized as follows:

W-1. The balance due, including principal, interest, tax, and insurance escrow, and all other charges on the promissory note payable to Commercial Bank of Texas and secured by a deed of trust on the real property located at 14060 W. Hwy. 103, Pollok, Angelina County, Texas.

W-2. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this agreement, unless express provision is made to the contrary in this agreement.

W-3. The following debts, charges, liabilities, and other obligations:

    a.    Canadian Tire MasterCard Acct No. xxx-8387;

    b.    Commercial Bank of Texas Acct No. xxx-5850; and

    c.    Any credit card debt due and owing on which the wife has the right to incur indebtedness.

W-4. One-half of the income taxes, penalties and interest due to the Internal Revenue Service (U. S.) and the Canadian taxing authority for the calendar years 2011 and 2012 due and owing by either of the parties or their awarded entities for those two calendar years, less the first $5,000 to be paid by Husband.

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case through the date of the Mediated Settlement Agreement, December 13, 2012.

Liability for U. S. Federal Income Taxes and Canadian Taxes for Prior Years

The Court finds that since MARIE-CLAUDE L. HANSON is a citizen of Canada, but currently resides in Texas and has earned income in Texas, she must by law file tax returns in both the United States and Canada. The Court further finds that MAX B. HANSON has dual citizenship in the United States and Canada and by law he must files tax returns in the United States and in Canada.

IT IS ORDERED AND DECREED that for tax year 2010 and previous years, MARIE-CLAUDE L. HANSON and MAX B. HANSON shall be equally responsible for any

and all tax liabilities, interest, and penalties, and entitled to any credits or refunds through December 31, 2010.

IT IS FURTHER ORDERED AND DECREED that for tax years 2011 and 2012, each of the parties are ORDERED to cooperate and work together to exchange reasonable requests for records and each party is ORDERED to prepare and file their own separate tax return for United States and Canadian taxes on or before 15 days from this Order and present to the other party a true and correct copy of each of the four returns on the date filed and present to the other party a true and correct copy of each of the four returns on the date filed.

For each of the calendar years 2011 and 2012, MAX B. HANSON shall be solely responsible for the first $5,000 in taxes due and payable. For any sums above $5,000 that may be due and payable, the parties shall be jointly responsible. JIMMY CASSELS is ORDERED to pay the sums held in his trust account in the amount of $32,500 to MAX B. HANSON today to be applied on taxes, penalties and interest owed by the parties and MARIE-CLAUDE L. HANSON is credited with this sum for the one-half (less the first $5,000) of the liability she is ordered to pay. MARIE-CLAUDE L. HANSON is ORDERED by this Court and MARIE-CLAUDE L. HANSON shall be responsible for her one-half (less the first $5,000) of those taxes, penalties and interest owed for 2011 and 2012, for both Canadian and United States' returns.

Treatment/Allocation of Community Income for Year of Divorce

The Court finds that the parties have lived apart at all times during the calendar year of 2013. IT IS ORDERED AND DECREED that each party file an individual income tax

return in accordance with Internal Revenue Code sections 66(a) and 879(a) for the entire year ending December 31, 2013.

IT IS ORDERED AND DECREED that the parties' income shall be reported and allocated in accordance with the Internal Revenue Code. IT IS ORDERED AND DECREED that each party shall be solely liable for the tax liability shown on his or her return and shall timely pay and hold the other party and his or her property harmless from any liability of the reporting party for federal income taxes for calendar year 2013.

IT IS ORDERED AND DECREED that each party shall report any and all income that he or she received for the calendar year 2013 and be solely responsible for the taxes on said income. Each party shall receive credit for 100% of any prepayments and estimated payments made by that party.

IT IS ORDERED AND DECREED that each party shall preserve for a period of five years from the date of divorce all financial records relating to the community estate. Each party is ORDERED to allow the other party access to these records to determine acquisition dates or tax basis or to respond to an IRS examination within five days of receipt of written notice from the other party. Access shall include the right to copy the records.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this *Final Decree of Divorce* are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

MARIE-CLAUDE L. HANSON shall have the right to claim the dependency exemption for the child, TELL ARBOUR HANSON, for the purpose of federal income taxes for 2013.

### Credit Cards

IT IS ORDERED AND DECREED that MARIE-CLAUDE L. HANSON is granted exclusive use of all credit cards is her name and MAX B. HANSON is enjoined and prohibited from using or incurring any indebtedness on said cards.

MAX B. HANSON is ORDERED to return said cards to MARIE-CLAUDE L. HANSON on or before the date of divorce.

IT IS ORDERED AND DECREED that MAX B. HANSON is granted exclusive use of all credit cards in his name and MARIE-CLAUDE L. HANSON is enjoined and prohibited from using or incurring any indebtedness on said cards.

MARIE-CLAUDE L. HANSON is ORDERED to return said cards to MAX B. HANSON on or before the date of divorce.

*Transfer and Delivery of Property*

MAX B. HANSON is ORDERED to execute, have acknowledged, and deliver to

MARIE-CLAUDE L. HANSON, c/o JIMMY A. CASSELS, 117 E. Lufkin Ave., Lufkin,

Texas 75901, within ten (10) days of signing this Decree, the following instrument:

1.  *Special Warranty Deed*, which is necessary to transfer title to the Angelina County property to MARIE-CLAUDE L. HANSON. Husband has signed said Deed, it has been acknowledged, and is being held by JERRY BAIN, a copy of which is attached hereto as Exhibit "E"

MARIE-CLAUDE L. HANSON is ORDERED to execute, have acknowledged, and

deliver to MAX B. HANSON, c/o JERRY BAIN, 109 E. Ferguson, Tyler, Texas 75702,

within ten (10) days of signing this Decree, the following instruments:

1.  *Deed of Trust to Secure Assumption* on the Angelina County property naming Jerry Bain as Trustee, a copy of which is attached hereto as Exhibit "B".

2.  Any and all documents regarding transfer of the pipeline easement on the Alberta, Canada property described on Page 3 herein as well as her immediate relinquishment of any and all sums for payment received by her on such easement to MAX B. HANSON. Wife has signed said documents and Husband has acknowledged receipt of same.

3.  *Assignment of Interest* necessary to transfer all of her right, title and interest in MAX B. HANSON's personal injury lawsuit, Cause No. 120319049, *Max Hanson, Clifford Stover, and Pamela* Stover *v. Grisby Holton Ingram*, In the District Court of Robertson County, Texas, to MAX B. HANSON, a copy of which is attached as Exhibit "C".

4.  Per the *Mediated Settlement Agreement*, the following procedures were agreed upon by the *parties*. The Court finds that MAX B. HANSON has timely paid the sums due to MARIE-CLAUDE L. HANSON, and MARIE-CLAUDE L. HANSON has accepted part of said payments and part of said payments are being held in JIMMY CASSELS' trust account. MARIE-CLAUDE L. HANSON has not executed the documents she agreed to sign and have notarized. The following is quoted language of the *Mediated Settlement Agreement*:

*"Any and all documents necessary to transfer title to the Alberta, Canada property to MAX B. HANSON with his assumption of indebtedness and her security documents for her credit to insure he pays the debt with said documents being held by Bobby L. Freeman, Escrow Agent, under the following terms:*

a.     *If MAX B. HANSON is more than 10 days late on any of the payments, the entire sum remaining due of the $52,500 ($10,000 was paid on the date of mediation) shall be due within 45 days of the missed payment plus 10 days;*

b.     *If MAX B. HANSON does not pay the entire $62,500, the Escrow Agent does not deliver the transfer documents to MAX B. HANSON and MARIE-CLAUDE L. HANSON maintains her ownership interest in the Alberta property;*

c.     *If MAX B. HANSON pays the entire $62,500, the Escrow Agent shall deliver to MAX B. HANSON all transfer documents;*

d.     *If MAX B. HANSON dies, his estate has 120 days from the date of his death to pay the remaining sums due, the Escrow Agent shall deliver all transfer documents to his estate representative as and if paid; and*

e.     *If MAX B. HANSON purchases life insurance and the insurance proceeds pay the sums due at his death, the Escrow Agent shall deliver all transfer documents to MAX B. HANSON's estate representative."*

The Court ORDERS MARIE-CLAUDE L. HANSON to execute, have acknowledged, and deliver to Husband's attorney the documents attached hereto as Exhibit "D".

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this *Final Decree of Divorce.*

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

*Resolution of Temporary Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent were discharged from all further liabilities and obligations imposed by the temporary order of this Court as of the date of the *Mediated Settlement Agreement,* with that date being December 13, 2012.

*Decree Acknowledgment*

Petitioner, MARIE-CLAUDE L. HANSON, and Respondent, MAX B. HANSON, each acknowledge that before signing this *Final Decree of* Divorce they have read this *Final Decree of Divorce,* fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this *Final Decree of Divorce* constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this *Final Decree of Divorce,* believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this *Final Decree of Divorce.*

*Future Litigation*

The parties agree and IT IS ORDERED that each party shall give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this *Final Decree of Divorce*, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case (except tax liability determined after returns are filed and rulings on sanctions requests) not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment is final and is appealable.

*Date of Judgment*

This *Final Decree of Divorce* was heard on September 23, 2013, and the divorce was granted on said date, but ministerially signed on this the _____ day of March, 2015, pursuant to the Order issued by the Honorable Twelfth Court of Appeals in Tyler, Texas on February 27, 2015.

ROBERT K. INSELMANN, JR., Judge of the 297th Judicial District Court Sitting by Assignment for the County Court at Law No. One of Angelina County, Texas

| IN THE MATTER OF | § | IN COUNTY COURT AT LAW |
| THE MARRIAGE OF | § | |
| | § | |
| MARIE-CLAUDE L. HANSON | § | NUMBER NO.1 |
| AND | § | |
| MAX B. HANSON | § | ANGELINA COUNTY, TEXAS |

## MEDIATED SETTLEMENT AGREEMENT

On December 13, 2012, the parties entered into the following Mediated Settlement Agreement.

1. *Appearances.*

Petitioner, MARIE-CLAUDE L. HANSON (Wife), appeared in person and by

attorney of record, JIMMY A. CASSELS.

Respondent, MAX B. HANSON (Husband), appeared in person and by

attorney of record, JERRY BAIN.

2. *Agreement of the Parties.*

The parties have entered into the following written agreement to settle all claims and

controversies between them, asserted or assertable in this case.

3. *Agreement Not Subject to Revocation.*

## THIS AGREEMENT IS NOT SUBJECT TO REVOCATION.

THIS AGREEMENT SHALL BE BINDING ON THE PARTIES AND SHALL NOT BE SUBJECT TO REVOCATION. THE PARTIES SHALL BE ENTITLED TO A JUDGMENT ON THE MEDIATED SETTLEMENT AGREEMENT NOTWITHSTANDING RULE 11 OF THE TEXAS RULES OF CIVIL PROCEDURE OR ANY OTHER RULE OF LAW.

EACH PARTY SPECIFICALLY STIPULATES AND AGREES THAT THEY HAVE ENTERED INTO THIS AGREEMENT FREELY AND VOLUNTARILY. THIS AGREEMENT IS NOT SUBJECT TO REVOCATION AND IS ENFORCEABLE AS A CONTRACT.

4. *Divorce.*

The divorce shall be granted on the grounds of:

EXHIBIT "A"

[ ✓ ]   Insupportability.

[   ]   Fault grounds: _____

### DIVISION OF MARITAL ESTATE

(5.)   *Property Awarded to Husband.*

The parties agree that the following is a just and right division of their marital estate, having due regard for the rights of each party and the child(ren), if any, of the marriage.

[ ✓ ]   H-1.   The following real property, including, but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

APPROXIMATELY 160 ACRES OF LAND LOCATED AT SE 22 57 22 W. 4TH, STURGEON COUNTY, ALBERTA, CANADA; SUBJECT, HOWEVER, TO THE AGREEMENT SET FORTH IN EXHIBIT "B" ATTACHED HERETO.

[ ✓ ]   H-2.   All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of husband or subject to his sole control, except as otherwise provided herein.

[ ✓ ]   H-3.   The following furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment:

THE ITEMS LOCATED AT THE 160 ACRE, ALBERTA, CANADA PROPERTY, EXCEPT AS OTHERWISE PROVIDED HEREIN

[ ✓ ]   H-4.   All clothing, jewelry, and other personal effects in the possession of husband or subject to his sole control.

[ ✓ ]   H-5.   All sums of cash in the possession of husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control, except as otherwise provided herein.

[ ✓ ]   H-6.   All funds on deposit, together with accrued unpaid interest, in the following banks, savings institutions, or other financial institutions:

a.   Account number __5775__ with __COMMERCIAL BANK OF TEXAS__

b.   Account number __1518__ with __BANK OF NOVA SCOTIA__ ;

c.   Account number _____ with _____ ;

d.   Account number _____ with _____ .

[ ] H-7. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(K) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment, except as otherwise provided herein.

[ ] H-8. The following employee benefit plan existing by reason of the husband's past or present employment:

_____

_____

[ ] H-9. All individual retirement accounts, simplified employee pensions, annuities, and variable life insurance benefits in the husband's name, except as otherwise provided herein.

[ ] H-10. All right, title, and interest in and to that portion of the United States _____ disposable retired pay to be paid as a result of the husband's military service.

[ ] H-11. A portion of wife's employee benefits and/or retirement benefits with

_____ existing by reason of wife's employment

with _____, that portion being

_____

[ ] H-12. All policies of life insurance, including cash values, insuring the life of husband.

[ ] H-13. The following policies of insurance insuring husband's life:

_____

_____

[ ] H-14. All brokerage accounts, stocks, bonds, mutual funds, and securities registered in husband's name, together with all dividends, splits, and other rights and privileges in connection therewith.

[ ] H-15. The following stocks, bond, and securities, together with all dividends, splits, and other rights and privileges in connection therewith:

_Cow - Horse Sale Ltd_____

_____

[✓] H-16. The ___2004 Jeep Liberty___ motor vehicle

(VIN: _____), together with all prepaid insurance, keys, and title documents.

[✓] H-17. The _KM-7 FREIGHTLINER FL-60_ motor vehicle

(VIN: _____), together with all prepaid insurance, keys, and title documents.

[ ] H-18. The _____ motor vehicle

(VIN: _____), together with all prepaid insurance, keys, and title documents.

[✓] H-19. The business (sole proprietorship / corporation / partnership) known as

" _THE COW HORSE SALE, LTD._ "

including, but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising from or in connection with the operation of the business.

[ ] H-20. $_____ payable by wife to husband on:

   [ ] The date of divorce.

   [ ] _____.

[ ] H-21. An undivided _____% interest in the property described in Exhibit "_____" attached hereto.

   [ ] This interest is subject to an Operating Trust Agreement for Jointly Owned Property after Divorce attached hereto as Exhibit "_____".

[ ] H-22. The following livestock:

_____

_____

_____

[✓] H-23. Other property:

A. _THE ITEMS DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AWARDED TO HUSBAND_

B. _HUSBAND'S CLAIMS FOR PERSONAL INJURIES AND DAMAGES IN CONNECTION WITH A LAWSUIT IN WHICH HUSBAND IS PRESENTLY REPRESENTED BY GEORGE CHANDLER_

(6.) *Property Awarded to Wife.*

Wife is awarded the following as her sole and separate property, and husband is divested of all right, title, interest, and claim in and to that property:

[✓] W-1.   The following real property, including, but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

_APPRoXIMATELY   25  ACRES   LOCATED  AT  14060 W._

_HWY 103,  Pollock,  ANGELINA  COUNTY , TEXAS_

_____

[✓] W-2.   All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of wife or subject to her sole control, except as otherwise provided herein.

[✓] W-3.   The following furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment:

_THE   ITEMS   LOCATED  AT  THE   25 ACRE_

_TRACT  OF   LAND  AT  Pollock, ANGELINA  COUNTY,_

_TEXAS , EXCEPT  AS  OTHERWISE  PROVIDED  HEREIN_

[✓] W-4.   All clothing, jewelry, and other personal effects in the possession of wife or subject to her sole control.

[✓] W-5.   All sums of cash in the possession of wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in wife's sole name or from which wife has the sole right to withdraw funds or which are subject to wife's sole control, except as otherwise provided herein.

[✓] W-6.   All funds on deposit, together with accrued unpaid interest, in the following banks, savings institutions, or other financial institutions:

a.   Account number _____ with _COMMERCIAL  BANK OF  TEXAS;_
_( WIFE'S  ACCOUNT)_

b.   Account number _____ with _COMMERCIAL  BANK OF  TEXAS ;_
_( WIFE'S  ACCOUNT)_

c.   Account number _____ with _____;

d.   Account number _____ with _____,

[ ] W-7.   All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(K) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of wife's past,

present, or future employment, except as otherwise provided herein.

[ ] W-8.   The following employee benefit plan existing by reason of wife's past or present employment:

_____

_____

[ ] W-9.   All individual retirement accounts, simplified employee pensions, annuities, and variable life insurance benefits in wife's name, except as otherwise provided herein.

[ ] W-10.  All right, title, and interest in and to that portion of the United States _____ disposable retired pay to be paid as a result of wife's military service.

[ ] W-11.  A portion of husband's employee benefits and/or retirement benefits with

_____ existing by reason of husband's

employment with _____, that

portion being _____.

[ ] W-12.  All policies of life insurance, including cash values, insuring the life of wife.

[ ] W-13.  The following policies of insurance insuring wife's life:

_____

_____

[ ] W-14.  All brokerage accounts, stocks, bonds, mutual funds, and securities registered in wife's name, together with all dividends, splits, and other rights and privileges in connection therewith.

[ ] W-15.  The following stocks, bond, and securities, together with all dividends, splits, and other rights and privileges in connection therewith:

_____

_____

_____

[✓] W-16.  The _1998 DODGE Pickup_ motor vehicle

(VIN: _____), together with all prepaid insurance, keys, and title documents.

[✓] W-17.  The _1997 DODGE Pickup_ motor vehicle

(VIN: _____), together with all prepaid insurance, keys, and title documents.

[ ] W-18. The _____ motor vehicle

(VIN: _____), together with all prepaid insurance, keys, and title documents.

[✓] W-19. The business (sole proprietorship / ~~corporation~~ / ~~partnership~~) known as

"_Rising Sun Ranch_" _____

including, but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising from or in connection with the operation of the business.

[✓] W-20. $ _62,500.00_ payable by husband to wife on:

[ ] The date of divorce.

[✓] _As provided in exhibit "B" attached hereto_

[ ] W-21. An undivided _____% interest in the property described in Exhibit "_____"
attached hereto.

[ ] This interest is subject to an Operating Trust Agreement for Jointly Owned Property after Divorce attached hereto as Exhibit "_____".

[✓] W-22. The following livestock:

_The_ _____, _"Pretty Filly" guns n ceedees_ _____

_____

_____

[✓] W-23. Other property:

A. _The items described in exhibit "A"_

_attached hereto awarded to wife_

_____

B. _The firearms in the possession of wife_

**(7.)** *Debts Awarded to Husband.*

Husband shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold wife and her property harmless from any failure to so discharge these items:

[ ✓ ] H-1. The balance due, including principal, interest, tax, insurance escrow, and all other charges on the promissory note payable to:

First lienholder: _BANK OF NoVA SCOTIA_

Second lienholder: _____

and secured by a deed of trust on the following real property:

[ ] The real property described in Exhibit "____" attached hereto.

[ ✓ ] The real property ~~located at~~ _LOCATED AT STURGEON COUNTY, ALBERTA, CANADA_

[ ] H-2. The balance due, including principal, interest, tax, insurance escrow, and all other charges on the promissory note payable to _____

and secured by a deed of trust on the following real property:

[ ] The real property described in Exhibit "____" attached hereto.

[ ] The real property located at _____

_____

[ ] H-3. The balance due, including principal, interest, and all other charges on the note payable to _____ and secured by a lien on the _____ motor vehicle.

[ ] H-4. The balance due, including principal, interest, and all other charges on the note payable to _____ and secured by a lien on the _____ motor vehicle.

[ ] H-5. Any and all debts, charges, liabilities, and other obligations incurred by husband from and after _____, unless express provision is made in this agreement to the contrary.

[ ✓ ] H-6. All encumbrances, ad valorem taxes, liens, assessments, or other charges due

or to become due on the real and personal property awarded to husband in this agreement, unless express provision is made to the contrary in this agreement.

[✓] H-7. The following debts, charges, liabilities, and other obligations:

| | Creditor | Account Number | Other Information |
|---|---|---|---|
| 1. | SCOTIA VISA GOLD | 7052 | ~~LINE OF CREDIT~~ |
| 2. | SCOTIA VISA | 1400 | LINE OF CREDIT |
| 3. | MBNA | 6262 | |
| 4. | SCOTIA BANK | 0020 | |
| 5. | SCOTIA BANK | 7011 | |
| 6. | COMMERCIAL BANK OF TEXAS | 0181 | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

[ ] H-8. Any indebtedness owed in connection with the business known as:

_____

[✓] H-9. Other debts:

ANY AND ALL INDEBTEDNESS OWED TO MAXINE HANSON AND/OR WILL HANSON

All Credit Cards on which he has right To incurr indebtness

(8.) *Debts Awarded to Wife.*

Wife shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold husband and his property harmless from any failure to so discharge these items:

[✓] W-1. The balance due, including principal, interest, tax, insurance escrow, and all other charges on the promissory note payable to:

First lienholder: COMMERCIAL BANK OF TEXAS

Second lienholder: _____

and secured by a deed of trust on the following real property:

[ ] The real property described in Exhibit "___" attached hereto.

[✓] The real property located at 14060 W. Hwy 103, Pollock, ANGELINA COUNTY, TEXAS

[ ] W-2. The balance due, including principal, interest, tax, insurance escrow, and all other charges on the promissory note payable to _____

and secured by a deed of trust on the following real property:

[ ] The real property described in Exhibit "___" attached hereto.

[ ] The real property located at _____

_____

[ ] W-3. The balance due, including principal, interest, and all other charges on the note payable to _____ and secured by a lien on the _____ motor vehicle. ·

[ ] W-4. The balance due, including principal, interest, and all other charges on the note payable to _____ and secured by a lien on the _____ motor vehicle.

[ ] W-5. Any and all debts, charges, liabilities, and other obligations incurred by wife from and after _____, unless express provision is made in this agreement to the contrary.

[✓] W-6. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to wife in this

agreement, unless express provision is made to the contrary in this agreement.

[ ✓ ] W-7. The following debts, charges, liabilities, and other obligations:

| | Creditor | Account Number | Other Information |
|---|---|---|---|
| 1. | Canadian Tire Mastercard | 5446 1224 2191 8387 | |
| 2. | Commercial Bank of Texas | Last 4 —— 5850 | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

[ ] W-8. Any indebtedness owed in connection with the business known as:

_____

[ ] W-9. Other debts:

All Credit Cards on which she has right
to incur indebtness

_____

_____

_____

_____

_____

_____

_____

9.    *Provisions Dealing with Sale of Real Property*

[  ]    The property and all improvements located at _____

_____,

Texas, shall be sold under the following terms and conditions:

[  ]    The parties may sell the property without listing it with a licensed real estate broker.

[  ]    The parties shall list the property with a mutually agreeable licensed real estate broker.

[  ]    _____, a licensed real estate broker, shall list the

property for sale.

[  ]    The property shall be sold for a mutually agreeable sales price.

[  ]    If the parties are unable to agree on a sales price, either party may apply for the appointment of a court-appointed receiver to take possession of and sell the property.

[  ]    Payments for principal, interest, taxes, and insurance on the property pending sale shall be paid by:

    [  ]    Husband
    [  ]    Wife
    [  ]    Other: _____

[  ]    The cost of routine maintenance and repairs to the property pending sale shall be paid by:

    [  ]    Husband
    [  ]    Wife
    [  ]    Other: _____

[  ]    The exclusive use and possession of the property pending sale is awarded to:

    [  ]    Husband
    [  ]    Wife
    [  ]    Other: _____

The net sales proceeds (the gross sales price less the costs of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

    [  ]    One-half (½) each to Husband and Wife.

    [  ]    $_____ or _____% to Husband.

    [  ]    $_____ or _____% to Wife.

    [  ]    The following shall be paid first from the net sales proceeds, then the remaining balance shall be paid:

        [  ]    $_____ or _____% to Husband.

        [  ]    $_____ or _____% to Wife.

10.  *Owelty of Partition Lien.*

[   ]   An encumbrance for owelty of partition is imposed against the entirety of the homestead property described as follows:

_____

_____

is awarded in favor of:

[   ]   Husband

[   ]   Wife

The purpose of the encumbrance is to secure the payment of the debt payable by

Husband / Wife to Husband / Wife resulting from the award of the homestead in this divorce

proceeding.  The debt shall be payable as follows:

| | |
|---|---|
| Principal amount: | $_____ |
| Interest: | _____% per annum |
| Number of Payments: | _____ |
| Date of First Payment: | _____ |
| Due Date for Each Payment: | _____ |

11.  *Lien to Equalize Debt.*

An equitable lien is created against the following property:

_____

_____

A Vendor's Lien Note for $_____ payable to _____,

bearing interest at _____% per annum and payable in _____ installments over a

term of _____ shall be executed by:

[   ]   Husband
[   ]   Wife

Date of first payment:  _____.

12. **Reimbursement Lien.**

The following party:      [ ]   Husband     [ ]   Wife

Is awarded a judgment in the amount of $_____ for reimbursement:

    [ ]     For discharge of debt.

    [ ]     For enhancement in value.

The terms of payment are as follows:

    [ ]     An equitable lien securing payment of the judgment is secured against the following property:

_____

_____

    [ ]     The judgment shall bear interest at _____% per annum.

    [ ]     Other terms of payment: _____

_____

_____

_____

13. **Equitable Interest Lien.**

The following party:      [ ]   Husband     [ ]   Wife

Is awarded a judgment in the amount of $_____. for an equitable interest in property as follows:

    [ ]     For the discharge of debt.

    [ ]     For enhancement in value.

The terms of payment are as follows:

    [ ]     An equitable lien securing payment of the judgment is secured against the following property:

_____

    [ ]     The judgment shall bear interest at _____% per annum.

    [ ]     Other terms of payment: _____

_____

14. **Alimony.**

[ ] Husband shall pay wife

[ ] Wife shall pay husband

Amount: $_____ per month.

Date of first payment: _____

Payment dates: _____

Term of payment: _____ months / years.

Alimony terminates upon the earliest occurrence of:  [ ] The death of Husband
[ ] The death of Wife
[ ] Remarriage of recipient
[ ] Cohabitation of the recipient

15. **Attorney Fees.**

[✓] Attorney fees shall be paid by the party incurring same.

The following party is awarded attorney fees in the amount of:

[ ] $_____ through trial on the merits;

[ ] $_____ if appealed to the Court of Appeals;

[ ] $_____ if Application for Writ of Error is filed, but denied;

[ ] $_____ if Application for Writ of Error is granted.

with interest at the rate of _____% per annum, beginning on the date of this divorce, against the

other party:

[ ] Husband
[ ] Wife

16. **Liability for Federal Income Taxes from Date of Marriage through December 31 of the Year Immediately Preceding Divorce.**

Liability for federal income taxes, deficiencies, assessments, penalties, and interest due thereon from the date of marriage through December 31 of the year immediately preceding the divorce shall be paid as follows:

[✓] Husband and Wife jointly responsible *for Sums above 5000 in Tax*
[✓] Husband solely responsible *for 1st 5,000 in Tax*
[ ] Wife solely responsible

[ ] Other: _She provide record to MAX — She prepare_
_return for his review — if some owed by_
_wife — Husband take deduct from 62,500_
_Payment set forth — Exhibit B_  ~~Mℓ~~

**(17.)** *Method of Tax Treatment/Allocation of Income for Year of Divorce for Tax Purposes.*

[ ] No stated method (Tax returns shall be filed in accordance with Internal Revenue Code).

[ [ General rule (Parties each report 50% of combined income and claim 50% of all tax prepayments from January 1 of year of divorce until date of divorce; parties each report all income earned and claim all tax prepayments made, respectively, from date of divorce until December 31 of year of divorce).

[ ] IRS Sec. 66(a) Alternative Method (Parties have lived apart for calendar year and no income has been transferred between them. Each party is solely responsible for the tax owed on his or her return and is entitled to a credit against the obligation for all prepayments made by that party).

[✓] Complete partition (For the purposes of determining income tax liability, the parties agree and hereby partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, or the property awarded in this agreement to that party, as his or her sole and separate property, as if that party had been single and unmarried from January 1 of the year of divorce through the date of divorce. The partition further assigns to a party any exceptions, exclusions, estimated tax payments, and withholdings made by that party or for his or her benefit from January 1 of the year of divorce through the date of divorce, as if the same were that party's separate property. The parties agree and IT IS ORDERED AND DECREED that, for purposes of determining income tax liability, any property awarded to a party in this decree shall be deemed to be partitioned to that party and have been that party's separate property as of January 1 of the year of divorce and thereafter. The parties further agree and IT IS ORDERED AND DECREED that any tax payments and any payments that are tax deductible are assigned to the party who made those payments).

[ ] Other: _____

_____

_____

_____

**18.** *Allocation of Tax Liability for Year of Divorce.*

[ ] Tax rate proportion allocation:

[ ] Husband    [ ] Wife    shall pay all federal income taxes owed by the parties for the year of divorce, except as follows:

_____

[ ] Non-tax rate proportion allocation:

[ ] Husband    [ ] Wife    shall pay all federal income taxes owed by the parties and is entitled to claim all tax prepayments of the parties from January 1 of the year of divorce until the date of divorce.

[ ] Each party shall pay the federal income taxes attributable to his or her income for the year of divorce and is entitled to claim 50% of all tax prepayments made in the names of

both parties and all prepayments made solely in the name the party for the year of divorce.

[ ] Other: _____

_____

_____

_____

_____

**19.** *Additional Tax Related Clauses.*

[ ] The federal income tax refund for _____ shall be divided as follows:

.[ ] 50% to Husband and 50% to Wife.

[ ] Other: _____

[✓] The dependency exemption(s) for the child(ren) are awarded as follows:

[ ] All to Husband.

[✓] All to Wife ( FOR CALENDAR YEAR 2011 )

[ ] Other: _____

**20.** *Separate Estates of the Parties.*

[ ] The property described in Exhibit "____" attached hereto is confirmed to Husband as his sole and separate property.

[ ] The property described in Exhibit "____" attached hereto is confirmed to Wife as her sole and separate property.

**21.** *COBRA Benefits.*

[ ] Husband      [ ] Wife     shall notify his or her employer within _____ days of this divorce that the other spouse is exercising his or her option to continue health insurance coverage.

**22.** *Name Change.*

[ ] Wife's name shall be changed to: _____.

**23.** *Costs of Court.*

Costs of Court shall be borne by:

[✓] The party incurring same
[ ] Husband

[ ] Wife
[ ] One-half (½) each by Husband and Wife.

**24.  Discovery Retention.**

[✓] The parties are discharged from the discovery retention requirement.
[ ] The parties are NOT discharged from the discovery retention requirement.

**25.  Temporary Orders.**

[✓] The Temporary Orders rendered in this cause are discharged.
[ ] The Temporary Orders rendered in this cause shall survive the entry of judgment.

**26.  Release.**

Each party releases the other from all claims, demands, and causes of action each may have against the other, save and except those covenants, duties, and obligations set forth in this agreement.

**27.  Full Disclosure.**

Each party represents that they have made a fair and reasonable disclosure to the other party of the property and financial obligations known to them.

**28.  Final Documents.**
The terms of this agreement will be incorporated into a final judgment which will be drafted from the forms published in the *Texas Family Law Practice Manual* promulgated by the State Bar of Texas.

[✓] Husband's    [ ] Wife's   attorney shall prepare the final judgment in this case.

Other closing documents shall be prepared by the attorney for the party who will benefit thereby.

A final hearing in this case shall be scheduled at the earliest available date.

**29.  Disputes Regarding this Agreement.**

If any dispute arises with regard to the interpretation of this agreement, the parties agree to attempt to resolve the dispute by telephone conference with the mediator who facilitated this settlement before resorting to litigation.

**41.  Arbitration.**

[ ] No arbitration of disputes regarding this agreement.

[ ] If any dispute arises with regard to this agreement that cannot be resolved by telephone conference, the parties agree to submit the dispute to binding arbitration before the mediator who facilitated this settlement agreement.

**42.  Performance.**

This agreement is made and performable in Angelina County, Texas, and shall be construed in accordance with the laws of the State of Texas.

**43.** *Agreement Freely Made.*

Each signatory to this agreement acknowledges that he or she has entered into this settlement agreement freely, without duress, and with the benefit of legal counsel (or has waived the right to have legal counsel).

**44.** *Agreement Not Subject to Revocation.*

# THIS AGREEMENT IS NOT SUBJECT TO REVOCATION.

APPROVED AND CONSENTED TO:


_____
MAX B. HANSON, Husband


_____
MARIE-CLAUDE L. HANSON, Wife


_____
JERRY BAIN
Attorney for Husband
State Bar No. _____ 01548000


_____
JIMMY A. CASSELS
Attorney for Wife
State Bar No. _____ 03978200

| EQUIPMENT | WIFE | HUSBAND |
|---|---|---|
| 4 STAR STOCK TRAILER | | X |
| RED GROUND LOAD STOCK TRAILER | | X |
| BLACK DUMP TRAILER | | X |
| CIRCLE J 4 HORSE TRAILER | X | |
| BUFFALO CHUTE | | X |
| MILLER WELDER | | X |
| LINCOLN WIRE FEED WELDER | X | |
| DELL INSPIRON INTEL CORE I3 COMPUTER | X | |
| TOSHIBA LAPTOP COMPUTER | X | |
| DELL OPTIPLEX COMPUTER | X | |
| SHOW PRO MECHANICAL COW (IN POLLOCK) | X | |
| SHOW PRO MECHANICAL COW (IN ALBERTA) | | X |
| HAND-MADE BLUE COW FEEDER | X | |
| HAND-MADE BLUE COW FEEDER | X | |
| 5 TOMB STONE FEEDER IN ALBERTA | | X |
| 3 ROUND FEEDERS IN TEXAS | X | |
| BIG RECTANGULAR SELF HAY FEEDER | | X |
| FOSS FUEL BOILER | | X |
| TROY BUILT LAWN MOWER | X | |
| JOHN DEERE LAWN MOWER | | X |
| HONDA GENERATOR | X | |
| PANELS (IN TEXAS) | X | |
| INSTA CHAIN | | X |
| QUICKSILVER ROPING CHUTE | X | |
| QUICKSILVER ROPING CHUTE (PAID FOR) | | X |
| SCORING LANE | X | |
| ALLEY WAY PANELS (IN ALBERTA) | | X |
| HAMILTON PANELS | X | |
| 3 DEEP FREEZERS | | X |

EXHIBIT "A"

page 1

| Item | | |
|---|---|---|
| UFA SELF FEEDER (IN ALBERTA) | | X |
| SMALL TRAILER AND TWO WATER TANKS | X | |
| JOHN DEERE DITCH BLADE | | X |
| HAND-MADE STEEL SELF FEEDER (IN ALBERTA) | | X |
| BALE BOSS (IN TEXAS) | | X |
| OLD SINGER SEWING MACHINE (IN TEXAS) | X | |
| ROOHIDE CUTTING SADDLE (QY417921100EROO) | | X |
| ROOHIDE CUTTING SADDLE (DKB18730401ROO) | X | |
| WESTERN HAULER DECK (IN TEXAS) | | X |
| TAD SANDERS ROPING SADDLE | | X |
| BIG ROCK TROPHY SADDLE | | X |
| BRIDLES | ALREADY DIVIDED | |
| SADDLE PADS | ALREADY DIVIDED | |
| HORSE BLANKETS | ALREADY DIVIDED | |
| SHOEING STAND AND TOOLS (IN TEXAS) | | X |
| HORN CUTTERS (IN ALBERTA) | | X |
| CHOP SAW | X | |
| SKIL SAW | X | |
| DEWALT CORDLESS DRILL 18V (NEW) | X | |
| DEWALT CORDLESS DRILL 18V (OLD) | | X |
| TOOLS | X | |
| HONDA PRESSURE WASHER | | X |
| BATTERY CHARGER | | X |
| AIR COMPRESSOR | X | |
| BLACK 16' FLAT DECK | X | |
| WALDON LOADER | X | |
| KUBOTA TRACTOR | X | |
| ARENA ATTACHMENT | X | |
| KING KUTTER | | X |
| FAN | X | |
| SEMEN TANK (IN TEXAS) | X | |
| SEMEN TANK (IN ALBERTA) | | X |
| Three (3) RUBBERMAID WHEEL BARROWS (IN TEXAS) | X | |
| Three (3) BLUE WHEEL BARROWS (IN TEXAS) | | X |

EXHIBIT "A"

| | | |
|---|---|---|
| ~~[redacted]~~ | | |
| SILVER SADDLE RACK | | X |
| BLACK SADDLE RACK (IN ALBERTA) | | X |
| BLACK SADDLE RACK (IN TEXAS) | X | |
| BAR-B-QUE | X | |
| BALE HANDLER | X | |

EXHIBIT "A"

PAGE 3

Exhibit to MSA
12/13/12

1) MAX Sign - Assumption Warranty Deed to Pollock Property + deliver to Her

2) MARIE Sign - Assumption Deed/Trust on Pollock Property + deliver

Documents on Pipeland Easement on Alberta Property + deliver to him

Documents to transfer title to Alberta Property to MAX with his assumption of indebtness + her security documents for her credit to make sure he pays debt said documents to be held by Bobby Freeman, Escrow Agent - Terms Attached Page 2

3) MAX PAY $10,000 on 12/13/12
10,000 on 1/31/13
10,000 on 2/28/13
10,000 on 3/31/13
10,000 on 4/30/13
12,500 on 5/31/13

IF MAX is more than 10 days late on any of the payments — the entire Sum left on the $52,500 will be due w/i 45 days of the Missed payment plus 10 days.

IF MAX does not pay the entire $62,500. Escrow Agent does not deliver Transfer documents to MAX & MARIE maintains her ownership interest in the ALBERTA PROPERTY

IF MAX pays the entire 62,500 — Escrow shall deliver to MAX all Transfer documents

IF MAX dies — his estate has 120 days from his death to pay sums due & Escrow Agent deliver to Estate Representative as and if Paid

IF MAX Purchases life Insurance + the Insurance proceeds pay The Sums due @ his death — Escrow Agent shall deliver transfer documents to MAX's Estate Representative.



## Deed of Trust to Secure Assumption

**Date:** June 14, 2013

**Grantor:** MARIE-CLAUDE L. HANSON

**Grantor's Mailing Address:**

    14060 W. Hwy. 103
    Pollock, Texas 75969
    Angelina County, Texas

**Trustee:** Jerry Bain

**Trustee's Mailing Address:**

    109 W. Ferguson
    Tyler, Texas 75702
    Smith County

**Beneficiary:** MAX B. HANSON

**Beneficiary's Mailing Address:**

    Box 1119
    Redwater, Alberta
    Canada, ToA2W0 County

**Note and Deed of Trust Assumed**

    Date: October 26, 2007

    Original Principal Amount: $150,000.00

    Maker and Grantor: MARIE-CLAUDE HANSON and MAX B. HANSON

    Payee and Beneficiary:    Commercial Bank of Texas, N.A.

    Recording Information:    Document Number 2007-00236563

**Property (including any improvements):**

    SEE EXHIBIT "A" WHICH IS ATTACHED HERETO AND INCORPORATED
    HEREIN AS IF COPIED HEREIN VERBATIM.

**EXHIBIT_"B"**

**Prior Lien:** None

**Other Exceptions to Conveyance and Warranty:** None

Beneficiary has conveyed the property to Grantor, who as part of the consideration promised to pay the note assumed and to be bound by the deed of trust assumed.

For value received and to secure Grantor's assumption, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. If Grantor performs all the covenants of the note and deed of trust assumed and if Beneficiary has not filed a notice of advancement, a release of the deed of trust assumed will release this deed of trust to secure assumption and Beneficiary's vendor's lien.

### Clauses and Covenants

**A.  Grantor's Obligations**

Grantor agrees to --

1.    perform all the covenants of the Note and Deed of Trust assumed; and

2.    notify Beneficiary and Lender of any change of address.

**B.  Beneficiary's Rights**

1.    Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If Grantor fails to perform any of Grantor's obligations under the note assumed or deed of trust assumed, Beneficiary may perform those obligations, advance funds required, and then be reimbursed by Grantor on demand for any amounts so advanced, including attorney's fees, plus interest on those amounts from the dates of

payment at the highest legal rate. The amount to be reimbursed will be secured by this deed of trust to secure assumption.

3. Beneficiary may file a sworn notice of such advancement in the office of the county clerk where the property is located. The notice will detail the dates, amounts, and purposes of the amounts advanced and the legal description of the property.

4. If Grantor fails on demand to reimburse Beneficiary for the amounts advanced and such failure continues after Beneficiary gives Grantor notice of the failure and the time within which it must be cured, to the extent required by law or by written agreement, Beneficiary may -

     a.     exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

     b.     direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

     c.     purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited to the amount owed to Beneficiary.

## C. Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will --

1. either personally or by agent give notice of the foreclosure sale as required by this deed of trust to secure assumption and the Texas Property Code as then in effect;

2.      sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3.      from the proceeds of the sale, pay, in this order -

a.      expenses of foreclosure, including a reasonable commission to Trustee;

b.      to Beneficiary, the full amount advanced, attorney's fees, and other charges due and unpaid;

c.      any amounts required by law to be paid before payment to Grantor; and

d.      to Grantor, any balance; and

4.      be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust to secure assumption, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.      General Provisions**

1.      If any of the property is sold under this deed of trust to secure assumption, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.      Recitals in any trustee's deed conveying the property will be presumed to be true.

3.      Proceeding under this deed of trust to secure assumption, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.      This lien will be superior to liens later created even if Beneficiary has made no advancements when later liens are created.

5.      If any portion of the advancements cannot be lawfully secured by this deed of trust to secure assumption, payments will be applied first to discharge that portion.

6.      A sale of the property under this deed of trust to secure assumption-

   a.      is subject to Grantor's continuing obligation to make all payments owing on the note assumed and to perform all obligations under the deed of trust assumed; and

   b.      does not extinguish Trustee's right to conduct subsequent sales of the property for future Grantor defaults under this deed of trust to secure assumption.

7.      Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note assumed and performance of the deed of trust assumed, but if the rent exceeds the amount due with respect to the note and deed of trust assumed, Grantor may retain the excess. If a default exists in payment of the note assumed or performance of this deed of trust to secure assumption or of the deed of trust assumed, Beneficiary may exercise Beneficiary's rights with respect

to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8. Interest on the debt secured by this deed of trust to secure assumption will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. Any action taken under this deed of trust to secure assumption will not extinguish the rights of Beneficiary to proceed against Grantor under the indemnity contained in the deed by which Grantor assumed the note and deed of trust assumed.

10. When the context requires, singular nouns and pronouns include the plural.

11. This deed of trust to secure assumption binds, benefits, and may be enforced by the successors in interest of all parties.

———————————————————

MARIE-CLAUDE L. HANSON

*This instrument was prepared based on information furnished by the parties, and no independent title search has been made.*

STATE OF TEXAS                    )
COUNTY OF ANGELINA                )

This instrument was acknowledged before me on _____ by

MARIE-CLAUDE L. HANSON.

———————————————————

Notary Public, State of Texas

**PREPARED IN THE OFFICE OF:**

Bain, Files, Jarrett, Bain & Harrison, PC
109 W. Ferguson
Tyler, TX 75702
Tel: (903) 595-3573
Fax: (903) 597-7322

**AFTER RECORDING RETURN TO:**

Max B. Hanson
Box 1119
Redwater, Alberta
Canada , TOA2WO

BEING all that certain tract or parcel of land lying and situated in Angelina County, Texas, out of the ELISHA PRICE SURVEY, ABSTRACT NO. 503 and being all of that certain 19.94 acre tract described in a deed from Byron Smith, Trustee for the Paige Alexander Trust to Don Burdette dated September 24, 1993 and recorded in Volume 935 on Page 658 of the Deed Records of Angelina County, Texas, to which reference is hereby made for any and all purposes and the said tract or parcel being described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of the aforesaid referred to 19.94 acre tract and the Northeast corner of that certain 5.00 acre tract described in a deed from Logan Finch, et ux to Don Burdette, et ux dated July 16, 1997 and recorded in Volume 1114 on Page 133 of the Deed Records of Angelina County, Texas, a ½" pipe set for corner (where a ½" pipe was found in March 1997) on the South boundary line of that certain 21.54 acre tract (28.37 acres save and except 2.35 acres and 4.48 acres) described in a deed from Brooks Williams, et al to Mavis Jane Williams Evans dated January 30, 1983 and recorded in Volume 540 on Page 377 of the Deed Records of Angelina County, Texas, said pipe being approximately 1 feet South of a fence.

THENCE S 88° 48' 02" E (called S 88° 57' 33" E) with the North boundary line of the said 19.94 acre tract and the South boundary line of the said 21.54 acre tract, at 1173.00 feet (called 1172.99 feet) the Northeast corner of the said 19.94 acre tract and the Northwest corner of that certain 15.000 acre tract described as Tract Four in a deed from Charles T. Metts, et ux to Thomas B. Fenley, et ux dated November 17, 1989 and recorded in Volume 783 on Page 563 of the Deed Records of Angelina County, Texas, a ½" pipe found for corner witnessed by a fence corner bearing S 55° E 2.7 feet, a fence corner bearing S 12° E 5.1 feet, a fence corner bearing S 15° W 6.2 feet, a fence corner bearing S 14° W 12.8 feet, and an Axle found for a corner of the said 15.000 acre tract and the Southeast corner of the said 21.54 acre tract bearing S 88° 57' 26" E 334.30 feet.

THENCE S 12° 17' 13" W (called S 12° 07' 34" W) with the East boundary line of the said 19.94 acre tract and the West boundary line of the said 15.000 acre tract, at 814.71 feet (called 814.74 feet) the Southeast corner of the said 19.94 acre tract and the Southwest corner of the said 15.000 acre tract, a ½" rod found for corner in the North right-of-way line of State Highway No. 103 (120 feet right-of-way), said pipe witnessed by a concrete right-of-way monument bearing S 87° 14' 01" E 778.47 feet and a fence corner bearing N 14° 26.4 feet;

THENCE N 87° 14' 01" W (called N 87° 15' 36" W) with the South boundary line of the said 19.94 acre tract and the North right-of-way line of the said State Highway No. 103, at 115.88 feet pass on line a concrete right-of-way monument, at 1038.30 feet (called 1039.40 feet) the Southwest corner of the said 19.94 acre tract and the Southeast corner of the aforesaid 5.00 acre tract a ½" pipe found for corner, said pipe witnessed by a ½" pipe found for a Southwest corner of the said 5.00 acre tract being N 87° 14' 01" W 134.24 feet and a concrete right-of-way monument bearing N 87° 14' 01" W 782.06 feet;

THENCE N 02° 47' 16" E (called N 02° 43' 53" E) with the West boundary line of the said 19.94 acre tract and the East boundary line of the said 5.00 acre tract, at 2.5 feet cross a fence, at 771.41 feet (called 768.94 feet) the point and place of beginning and containing 19.96 acres of land, more or less.

Basis of Bearings: The South boundary line of that certain 5.00 acre tract described in a deed from Logan Finch, et ux to Don Burdette, et ux dated July 16, 1997 and recorded in Volume 1114 on Page 133 of the Deed Records of Angelina County, Texas (deed call N 87° 14' 01" W 134.24 - found ½" pipes 134.24 feet apart)

situated in Angelina County, Texas, out of the ELISHA PRICE SURVEY, ABSTRACT NO. 503, and being a part or portion of that certain 7.85 acre tract described in a Contract of Sale and Purchase from the Veterans Land Board of Texas to Logan B. Finch, dated February 11, 1993 and recorded in Volume 907 on Page 157 of the Real Property Records of Angelina County, Texas, to which reference is hereby made for any and all purposes and the said tract or parcel of land being described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of the aforesaid referred to 7.85 acre tract and the Northeast corner of that certain 2.636 acre tract described in a deed from Tom Fenley and Charles T. Hetts to Sand Flat Cemetery Association dated April 30, 1976 and recorded in Volume 442, Page 692 of the Deed Records of Angelina County, Texas, a 1/2" pipe found for corner at a fence corner in the South boundary line of that certain tract described in a deed from Brooks Williams et al to Mavis Jane Williams Evans dated January 30, 1983 and recorded in Volume 540, Page 377 of the Deed Records of Angelina County, Texas;

THENCE S 88 deg. 55' 39" E with the North boundary line of the said 7.85 acre tract and the South boundary line of the said Evans tract, at 459.94 feet the Northeast corner of the said 7.85 acre tract and the Northwest corner of that certain 19.94 acre tract described in a deed from Byron Smith, Trustee for the Paige Alexander Trust to Don Burdette dated September 24, 1993 and recorded in Volume 935 on Page 658 of the Real Property Records of Angelina County, Texas, a 1/2" pipe found for corner at a fence corner;

THENCE S 02 deg. 47' 16" W with the East boundary line of the said 7.85 acre tract and the West boundary line of the said 19.94 acre tract, at 771.41 feet the Southeast corner of the said 7.85 acre tract and the Southwest corner of the said 19.94 acre tract, a 1/2" pipe found for corner in the North right-of-way line of State Highway No. 103 (120 feet right-of-way), said pipe witnessed by a 1/2" pipe (at a fence corner) bearing N 30 deg. W 2.8 feet;

THENCE N 87 deg. 14' 01" W with the South boundary line of the said 7.85 acre tract and the North right-of-way line of the said State Highway No. 103, at 134.24 feet a 1/2" pipe set for corner, said pipe being S 87 deg. 14' 07" E 300.00 feet from the Southwest corner of the said 7.85 acre tract, said pipe being approximately 3 feet South of a fence;

THENCE N 00 deg. 51' 39" E 413.75 feet, a 1/2" pipe set for corner;

THENCE N 87 deg. 14' 01" W, at 300.00 feet intersect the West boundary line of the said 7.85 acre tract and the East boundary line of the aforesaid 2.636 acre tract, a 1/2" pipe set for corner, said pipe being N 00 deg. 51' 39" E 413.75 feet from the Southwest corner of the said 7.85 acre tract;

THENCE N 00 deg. 51' 39" E with the West boundary line of the said 7.85 acre tract and the East boundary line of the said 2.636 acre tract, at 344.48 feet the point and place of beginning and containing 5.00 acres of land, more or less.

Basis of bearings:   The North boundary line of the aforesaid
                     7.85 acre tract (Deed call S 88 deg. 55'
                     39" E).

# ASSIGNMENT OF INTEREST

In accordance with the terms of the Decree of Divorce rendered in Cause No. DV-00731-12-01, styled "In the Matter of the Marriage of Marie-Claude L. Hanson and Max B. Hanson", in County Court at Law Number One of Angelina County, Texas, I, MARIE-CLAUDE L. HANSON, TRANSFER, CONVEY, and ASSIGN to MAX B. HANSON, of Box 1119, Redwater, Alberta, Canada, ToA2WO County, any and all right, title, and interest I may now own or have any future claim of ownership in and to:

1. Any judgment awarded to MAX B. HANSON in his personal injury lawsuit, Cause No. 120319049, *Max Hanson, Clifford Stover, and Pamela Stover v. Grisby Holton Ingram*, In the District Court of Robertson County, Texas.

I further authorize that a photocopy of this instrument may be used as an original.

SIGNED on _____.


_____
MARIE-CLAUDE L. HANSON


STATE OF TEXAS         §
COUNTY OF ANGELINA     §

This instrument was acknowledged before me on _____, 2013, by MARIE-CLAUDE L. HANSON.


_____
NOTARY PUBLIC, State of Texas



EXHIBIT "C"

*THE LAND TITLES ACT*

# TRANSFER OF LAND

Max B. Hanson and Marie Claude Lucille Hanson

being registered owners of an estate in fee simple, subject, however, to such encumbrances, liens and interest as are notified by memorandum underwritten, or endorsed hereon in all that certain tract of land situate in the Province of Alberta, being composed of

PLAN        0722716
BLOCK       1
LOT         1
EXCEPTING THEREOUT ALL MINES AND MINERALS
AREA:  64.9 HECTARES (160.37 ACRES) MORE OR LESS

do hereby in consideration of the sum of SIXTY TWO THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($62,500.00) paid to us by the transferee(s), hereunder, the receipt of which we hereby acknowledge, transfer to the said transferee(s),

Max B. Hanson of Box 1119, Redwater, Alberta      T0A 2W0

all our estate and interest in the piece of land.

IN WITNESS WHEREOF we have hereunto subscribed our names this _____ day of May, 2013.

SIGNED by the said Max B. Hanson and Marie Claude Lucille Hanson

_____          _____
Witness                              Max B. Hanson


_____          _____
Witness                              Marie Claude Lucille Hanson


WE ARE RESIDENT OF CANADA WITHIN THE MEANING OF THE *INCOME TAX ACT* OF CANADA

                                     _____
                                     Max B. Hanson


                                     _____
                                     Marie Claude Lucille Hanson


EXHIBIT "D"

# AFFIDAVIT OF EXECUTION

| | | |
|---|---|---|
| CANADA | ) | I, _____, |
| PROVINCE OF ALBERTA | ) | of Tyler, Texas, |
| TO WIT: | ) | MAKE OATH AND SAY THAT: |

1.  I was personally present and did see Marie Claude Lucille Hanson named in the within (or annexed) instrument who is personally known to me to be the person named therein, duly sign and execute the same for the purpose named therein.

2.  The same was executed at Tyler, Texas, and I am the subscribing witness thereto.

3.  I know the said party and she is in my belief of the full age of 18 years.

| | |
|---|---|
| SWORN before me at Tyler, Texas, this \_\_\_ day of May, 2013. | ) ) ) ) |
| _____ A NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS | ) ) ) |

# AFFIDAVIT OF EXECUTION

CANADA                      )       I, John D. Evans, of Magrath, Alberta,

PROVINCE OF ALBERTA   )

TO WIT:                   )       MAKE OATH AND SAY THAT:

1. I was personally present and did see Max B. Hanson in the within (or annexed) instrument who is personally known to me to be the person named therein, duly sign and execute the same for the purpose named therein.

2. The same was executed in Magrath, Alberta, and I am the subscribing witness thereto.

3. I know the said party and he is in my belief of the full age of 18 years.

SWORN before me at Medicine Hat,    )
Alberta, this _____ day of May, 2013.  )
                                     )     _____
                                     )     John D. Evans
_____   )

A Commissioner for Oaths in and for   )
the Province of Alberta             )

# AFFIDAVIT OF TRANSFEREE

| | | |
|---|---|---|
| CANADA | ) | I, Max B. Hanson, |
| PROVINCE OF ALBERTA | ) | of Redwater, Alberta, |
| TO WIT: | ) | MAKE OATH AND SAY THAT: |

1. I am the Transferee named in the within (or annexed) transfer and I know the lands therein described.

2. I know the circumstances of the said transfer and the true consideration paid by us is as follows:

   $62,500.00 pursuant to the terms of the Mediated Settlement Agreement.

3. The current value* of the land**, in my opinion is $_____.

   * "value" means the dollar amount that the land might be expected to realize if it were sold on the open market by a willing seller to a willing buyer.
   ** "land" includes buildings and all other improvements affixed to the land

| | | |
|---|---|---|
| SWORN before me at Magrath, Alberta, | ) | |
| this ___ day of May, 2013. | ) | |
| | ) | _____ |
| _____ | ) | Max B. Hanson |
| A Commissioner for Oaths in | ) | |
| and for the Province of Alberta | ) | |

# DOWER ACT
## (SECTION 7)

## RELEASE OF DOWER RIGHTS

TO THE REGISTRAR OF LAND TITLES:

Take notice that I, Marie Claude Lucille Hanson, being the Wife of Max B. Hanson of, Redwater, Alberta, who is the registered owner of the following land, namely:

PLAN          0722716
BLOCK         1
LOT           1
EXCEPTING THEREOUT ALL MINES AND MINERALS
AREA:  64.9 HECTARES (160.37 ACRES) MORE OR LESS

hereby release to my Husband all my life estate and other dower rights in the above described land and I hereby discharge my, Husband, Max B. Hanson, his heirs, executors and administrators from any claim for dower under the *DOWER ACT* in respect of the land.

IN WITNESS WHEREOF I have hereunto set my hand and seal this _____ day of May, 2013.


SIGNED, SEALED AND DELIVERED in the presence of:


| | |
|---|---|
| NOTARY PUBLIC IN AND FOR | Marie Claude Lucille Hanson |
| THE STATE OF TEXAS | |

1

# AFFIDAVIT OF EXECUTION

CANADA ) I, _____,
PROVINCE OF ALBERTA ) of Tyler, Texas,
TO WIT: ) MAKE OATH AND SAY THAT:

1. I was personally present and did see Marie Claude Lucille Hanson named in the within (or annexed) instrument who is personally known to me to be the person named therein, duly sign and execute the same for the purpose named therein.

2. This document was acknowledged before me by Marie Claude Lucille Hanson apart from her spouse.

3. The same was executed at Tyler, Texas, and I am the subscribing witness thereto.

4. I know the said Marie Claude Lucille Hanson, and she is in my belief of the full age of 18 years.

SWORN before me at Tyler, Texas, )
this _____ day of May, 2013. )
)
_____ ) _____
A NOTARY PUBLIC IN AND FOR THE )
STATE OF TEXAS )

3

# DOWER ACT
## (SECTION 7)

## AFFIDAVIT IN SUPPORT OF DOWER RELEASE

I, Marie Claude Lucille Hanson, of Tyler, Texas, MAKE OATH AND SAY THAT:

1. I am the Wife of Max B. Hanson of Redwater, Alberta.

2. My Husband is the registered owner of the following land, namely:

   PLAN 0722716
   BLOCK 1
   LOT 1
   EXCEPTING THEREOUT ALL MINES AND MINERALS
   AREA: 64.9 HECTARES (160.37 ACRES) MORE OR LESS

3. I am aware that the *Dower Act* gives me a life estate and other dower rights in the land.

4. I am executing this release for the purpose of giving up my life estate and other dower rights in the land.

5. I am executing this release freely and voluntarily without any compulsion on the part of my Husband.

| | |
|---|---|
| SWORN BEFORE ME at, Tyler Texas, this _____ day of May, 2013.<br><br><br>_____<br>A NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  _____<br>Marie Claude Lucille Hanson |

2



Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.

**Date:** June 14, 2013,

**Grantor:** MAX B.HANSON

**Grantor's Mailing Address:**

Box 1119
Red Water, Alberta
Canada, T0A2W0

**Grantee:** MARIE-CLAUDE L.HANSON

**Grantee's Mailing Address:**
14060 W. Hwy. 103
Pollok, Texas, 75969
Angelina County

**Consideration:**

The division of property in Cause No. DV-00731-12-01, styled "In the Matter of the Marriage of Marie-Claude L. Hanson and Max B. Hanson; and In the Interest of Tell Arbour Hanson, a child," entered in County Court at Law Number One of Angelina County, Texas, and ten dollars and other valuable consideration paid by Grantee, and Grantee's assumption of the unpaid principal and earned interest on the note in the original principal sum of One Hundred Fifty Thousand dollars ($150,000.00) dated October 26, 2007, executed by MARIE-CLAUDE L.HANSON and MAX B.HANSON, and payable to the order of Commercial Bank of Texas, N.A..

The note is secured by a vendor's lien retained in a deed dated October 26, 2007, from Commercial Bank of Texas, N.A. to MARIE-CLAUDE L.HANSON and MAX B.HANSON, and additionally secured by a deed of trust dated October 26, 2007, from MARIE-CLAUDE L.HANSON and MAX B.HANSON to Thomas W. Ellison, Trustee, recorded in Document Number 2007-00236563, of

**EXHIBIT "E"**

the official public records of real property of Angelina County, Texas. Grantee agrees to indemnify and hold Grantor harmless from payment of the note and from performance of Grantor's obligations specified in the instruments securing payment of the note. Grantor assigns to Grantee the casualty insurance policy on the property, all utility deposits for utility service at the property, and all funds held in escrow for payment of taxes and insurance premiums.

**Property (including any improvements):**

SEE EXHIBIT "A" WHICH IS ATTACHED HERETO AND INFORPORATED HEREIN AS IF COPIED VERBATIM.

**Reservations from Conveyance and Exceptions to Conveyance and Warranty:**

This deed is subject to all easements, restrictions, conditions, covenants, and other instruments of record.

Grantor, for the consideration and subject to the reservations from conveyance and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee all of Grantor's interest in the property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof when the claim is by, through, or under Grantor but not otherwise, except as to the reservations from conveyance and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

Grantee assumes all ad valorem taxes due on the property for the current year.

MAX B.HANSON

*This instrument was prepared based on information furnished by the parties, and no independent title search has been made.*

PROVINCE ALBERTA
~~STATE OF TEXAS~~ §

COUNTY OF ~~ANGELINA~~ §
LETHBRIDGE

Jordan T. Henrie
Barrister & Solicitor

This instrument was acknowledged before me on JUNE 14 2013 by

MAX B.HANSON.

_____
Notary Public, State of Texas
Province of ALBERTA, CANADA.

Jordan T. Henrie
Barrister & Solicitor

**PREPARED IN THE OFFICE OF:**

CASSELS & REYNOLDS, LLP
117 E. Lufkin Avenue
Lufkin, TX 75901
Tel: (936) 634-8466
Fax: (936) 639-1939

BEING all that certain tract or parcel of land lying and situated in Angelina County, Texas, out of the ELISHA PRICE SURVEY, ABSTRACT NO. 503 and being all of that certain 19.94 acre tract described in a deed from Byron Smith, Trustee for the Paige Alexander Trust to Don Burdette dated September 24, 1993 and recorded in Volume 935 on Page 658 of the Deed Records of Angelina County, Texas, to which reference is hereby made for any and all purposes and the said tract or parcel being described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of the aforesaid referred to 19.94 acre tract and the Northeast corner of that certain 5.00 acre tract described in a deed from Logan Finch, et ux to Don Burdette, et ux dated July 16, 1997 and recorded in Volume 1114 on Page 133 of the Deed Records of Angelina County, Texas, a ½" pipe set for corner (where a ½" pipe was found in March 1997) in the South boundary line of that certain 21.54 acre tract (28.37 acres save and except 2.35 acres and 4.48 acres) described in a deed from Brooks Williams, et al to Mavis Jane Williams Evans dated January 30, 1983 and recorded in Volume 540 on Page 377 of the Deed Records of Angelina County, Texas, said pipe being approximately 1 feet South of a fence.

THENCE S 88° 48' 02" E (called S 88° 57' 53" E) with the North boundary line of the said 19.94 acre tract and the South boundary line of the said 21.54 acre tract, at 1173.00 feet (called 1172.99 feet) the Northeast corner of the said 19.94 acre tract and the Northwest corner of that certain 15.000 acre tract described as Tract Four in a deed from Charles T. Metts, et ux to Thomas B. Fenley, et ux dated November 17, 1989 and recorded in Volume 783 on Page 563 of the Deed Records of Angelina County, Texas, a ½" pipe found for corner witnessed by a fence corner bearing S 55° E 2.7 feet, a fence corner bearing S 12° E 5.1 feet, a fence corner bearing S 15° W 6.2 feet, a fence corner bearing S 14° W 12.8 feet, and an Axle found for a corner of the said 15.000 acre tract and the Southeast corner of the said 21.54 acre tract bearing S 88° 57' 26" E 334.30 feet.

THENCE S 12° 17' 13" W (called S 12° 07' 34" W) with the East boundary line of the said 19.94 acre tract and the West boundary line of the said 15.000 acre tract, at 814.71 feet (called 814.74 feet) the Southeast corner of the said 19.94 acre tract and the Southwest corner of the said 15.000 acre tract, a ½" rod found for corner in the North right-of-way line of State Highway No. 103 (120 feet right-of-way), said pipe witnessed by a concrete right-of-way monument bearing S 87° 14' 01" E 778.47 feet and a fence corner bearing N 14° 26.9 feet;

THENCE N 87° 14' 01" W (called N 87° 15' 36" W) with the South boundary line of the said 19.94 acre tract and the North right-of-way line of the said State Highway No. 103, at 115.88 feet pass on line a concrete right-of-way monument, at 1038.30 feet (called 1039.40 feet) the Southwest corner of the said 19.94 acre tract and the Southeast corner of the aforesaid 5.00 acre tract, a ½" pipe found for corner, said pipe witnessed by a ½" pipe found for a Southwest corner of the said 5.00 acre tract being N 87° 14' 01" W 134.24 feet and a concrete right-of-way monument bearing N 87° 14' 01" W 782.06 feet;

THENCE N 02° 47' 16" E (called N 02° 43' 53" E) with the West boundary line of the said 19.94 acre tract and the East boundary line of the said 5.00 acre tract, at 2.5 feet cross a fence, at 771.41 feet (called 768.94 feet) the point and place of beginning and containing 19.96 acres of land, more or less.

Basis of Bearings: The South boundary line of that certain 5.00 acre tract described in a deed from Logan Finch, et ux to Don Burdette, et ux dated July 16, 1997 and recorded in Volume 1114 on Page 133 of the Deed Records of Angelina County, Texas (deed call - N 87° 14' 01" W 134.24 - found ½" pipes 134.24 feet apart)

Exhibit A Legal Description (Short)

Rev 7-02

situated in Angelina County, Texas, out of the GRAVES(?) ----- SURVEY, ABSTRACT NO. 503, and being a part or portion of that certain 7.85 acre tract described in a Contract of Sale and Purchase from the Veterans Land Board of Texas to Logan B. Finch, dated February 11, 1993 and recorded in Volume 907 on Page 157 of the Real Property Records of Angelina County, Texas, to which reference is hereby made for any and all purposes and the said tract or parcel of land being described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of the aforesaid referred to 7.85 acre tract and the Northeast corner of that certain 2.636 acre tract described in a deed from Tom Fanley and Charles T. Hetts to Sand Flat Cemetery Association dated April 30, 1976 and recorded in Volume 442, Page 692 of the Deed Records of Angelina County, Texas, a 1/2" pipe found for corner at a fence corner in the South boundary line of that certain tract described in a deed from Brooks Williams et al to Mavis Jane Williams Evans dated January 30, 1983 and recorded in Volume 540, Page 377 of the Deed Records of Angelina County, Texas;

THENCE S 88 deg. 55' 39" E with the North boundary line of the said 7.85 acre tract and the South boundary line of the said Evans tract, at 459.94 feet the Northeast corner of the said 7.85 acre tract and the Northwest corner of that certain 19.94 acre tract described in a deed from Byron Smith, Trustee for the Paige Alexander Trust to Don Burdette dated September 24, 1993 and recorded in Volume 935 on Page 658 of the Real Property Records of Angelina County, Texas, a 1/2" pipe found for corner at a fence corner;

THENCE S 02 deg. 47' 16" W with the East boundary line of the said 7.85 acre tract and the West boundary line of the said 19.94 acre tract, at 771.41 feet the Southeast corner of the said 7.85 acre tract and the Southwest corner of the said 19.94 acre tract, a 1/2" pipe found for corner in the North right-of-way line of State Highway No. 103 (120 feet right-of-way), said pipe witnessed by a 1/2" pipe (at a fence corner) bearing N 30 deg. W 2.8 feet;

THENCE N 87 deg. 14' 01" W with the South boundary line of the said 7.85 acre tract and the North right-of-way line of the said State Highway No. 103, at 134.24 feet a 1/2" pipe set for corner, said pipe being S 87 deg. 14' 07" E 300.00 feet from the Southwest corner of the said 7.85 acre tract, said pipe being approximately 3 feet South of a fence;

THENCE N 00 deg. 51' 39" E 413.75 feet, a 1/2" pipe set for corner;

THENCE N 87 deg. 14' 01" W, at 300.00 feet intersect the West boundary line of the said 7.85 acre tract and the East boundary line of the aforesaid 2.636 acre tract, a 1/2" pipe set for corner, said pipe being N 00 deg. 51' 39" E 413.75 feet from the Southwest corner of the said 7.85 acre tract;

THENCE N 00 deg. 51' 39" E with the West boundary line of the said 7.85 acre tract and the East boundary line of the said 2.636 acre tract, at 344.48 feet the point and place of beginning and containing 5.00 acres of land, more or less.

Basis of bearings: The North boundary line of the aforesaid 7.85 acre tract (Deed call S 88 deg. 55' 39" E).

# BAIN, FILES, JARRETT, BAIN & HARRISON
## ATTORNEYS AND COUNSELORS AT LAW
### A PROFESSIONAL CORPORATION

**JERRY BAIN, P.C.**
Board Certified—Family Law
  Texas Board of Legal Specialization
Family Law Mediator
Fellow American Academy of
  Matrimonial Lawyers

**F.R. (BUCK) FILES, JR.**
Board Certified—Criminal Law
  Texas Board of Legal Specialization
Board Certified—Criminal Trial Advocacy
  National Board of Trial Advocacy
College of the State Bar

**MICHAEL E. JARRETT**
Board Certified—Family Law
  Texas Board of Legal Specialization

**BRUCE D. BAIN**
Board Certified—Family Law
  Texas Board of Legal Specialization
Family Law Mediator
College of the State Bar

**J. BRETT HARRISON**
Board Certified—Criminal Law
  Texas Board of Legal Specialization
Board Certified—Criminal Trial Advocacy
  National Board of Trial Advocacy
College of the State Bar

**JENNIFER GARRETT DEEN**
Of Counsel
Board Certified—Juvenile Law
  Texas Board of Legal Specialization


**CERTIFIED PARALEGALS**
Virginia Burgess*
Kim Gillard Fade
Carrie Hall**
Tamara May*
Tammye Mayfield
Shauna Sinclair

*Board Certified—Family Law
  Texas Board of Legal Specialization

**Board Certified—Criminal Law
  Texas Board of Legal Specialization


**OFFICE ADMINISTRATOR**
Kristine Toon


109 W. Ferguson
Tyler, Texas 75702
903-595-3573
903-597-7322 Fax


Websites:
Criminal Law:
  www.bainfiles.com
Family Law:
  www.bain-files.com

March 5, 2015

**Transmitted via Email**

Robin Lowe
Court Coordinator
217th Judicial District Court
P.O. Box 908
Lufkin, Texas 75902

     Re:    ITMOTMO Hanson; Cause No. DV-00731-12-01

Dear Ms. Lowe:

On Tuesday, March 3, 2015, I filed a *Motion to Enter Judgment Based on Opinion from the Twelfth Court of Appeals.* I submitted a copy of the proposed decree to Jimmy Cassels.

Mr. Cassels and I spoke by phone, and he requested changes to the decree which I made and which are reflected on pages 11, 12, and 13. In all other respects the decree I am presenting with this correspondence is the same as the earlier submitted decree with the exception of pages 11, 12, and 13 which contain the changes requested by Mr. Cassels.

I assert that the decree I am now submitting complies with the ruling of the Twelfth Court of Appeals and is in accordance with the Mediated Settlement Agreement signed by the parties.

I am submitting this document to you by email, but because the size and time constraints, I have also requested a lawyer friend to bring you a hard paper copy to make it available for the Judge's signature.

3

Robin Lowe, Court Coordinator
217th Judicial District Court
March 5, 2015
Page 2


Please call or email me any concerns you may have or the Judge may have. Because of the snow and ice, our office is closed today, but I am at the office and can be reached by phone today, tomorrow, over the weekend and thorough the Monday deadline.

Cordially,

Jerry Bain

JB/gb
Enclosure

cc:  Greg Smith
Jimmy Cassels

# CASSELS & REYNOLDS, L.L.P.

Attorneys at Law
117 E. Lufkin Ave.
P. O. Box 1626
Lufkin, Texas 75902-1626
Telephone: (936) 634-8466
FAX (936) 639-1939
EMAIL: jacassels@consolidated.net

Jimmy A. Cassels,   P.C.                                                                                     Janet R. Cassels

March 5, 2015

Robin Lowe, Court Coordinator                                      Via Fax (936) 639-3917
217th Judicial District Court
Angelina County Courthouse
Lufkin, Texas 75901

RE:     Cause No. DV-00731-12-01; In the Matter of the Marriage of Marie-Claude L. Hanson and
        Max B. Hanson; and In the Interest of Tell Arbour Hanson, a child

Dear Robin:

I am in receipt of an email copy of the proposed divorce decree submitted by Jerry Bain.

As you know I have a vacation letter on file for Spring Break. I will be leaving town on Friday, March 6, 2015 at noon and returning the following Friday or Saturday.

I will be submitting my own version of the decree that I believe tracks the mandates of the mediated settlement agreement.

I will probably get it to you by Tuesday, March 17, 2015.

Please advise my staff (in my absence) how the Judge chooses to proceed from there.

Respectfully yours,

Jimmy A. Cassels
Attorney at Law
JAC/jmt

cc:     Mr. Jerry Bain                                                  Via Fax (903) 597-7322
        Attorney at Law